UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  Plaintiff,

    v.

ACQUEST WEHRLE, LLC,

                  Defendant.

**DECISION**
**and**
**ORDER**

**09-CV-637C(F)**

APPEARANCES:    U.S. DEPARTMENT OF JUSTICE
                          ENVIRONMENTAL DEFENSE SECTION
                          Attorneys for Plaintiff
                          ERIC G. HOSTETLER,
                          SCOTT D. BAUER, of Counsel
                          P.O. Box 23986
                          Washington, DC    20026-3986

                          LIPSITZ GREEN SCIME CAMBRIA, LLP
                          Attorneys for Defendant
                          JOSEPH J. MANNA,
                          ANDREW O. MILLER, of Counsel
                          42 Delaware Avenue, Suite 120
                          Buffalo, New York    14202

       This is an action to enforce the Clean Water Act ("the Act"), alleging Defendant unlawfully polluted navigable waterways and wetlands. By papers filed April 14, 2010, Plaintiff moves for an order to enter and inspect, pursuant to Fed.R.Civ.P. 34(a)(2) ("Rule 34(a)(2)"), Defendant's premises, approximately nine acres of undeveloped land, located at 2190 and 2220 Wehrle Drive, Erie County, New York (Doc. No. 30) ("the premises") where the violations occurred for the purpose of conducting ecological and hydrological examinations, testing, and sampling. Defendant opposed the motion by Declaration of Paul J. Cambria, Jr., Esq. and a Memorandum of Law, filed April 20, 2010, (Doc. No. 36). At the parties' request, an expedited hearing on Plaintiff's motion

was conducted April 26, 2010. Based on the papers submitted by Plaintiff and the arguments presented at the hearing, the motion should be GRANTED.

First, Plaintiff served its request to inspect on January 15, 2010 and Defendant failed to object until April 7, 2010. Accordingly, pursuant to Fed.R.Civ.P. 34(b)(2)(A), any objection was waived by Defendant. *See Land Ocean Logistics, Inc. v. Aqua Gulf Corp.,* 181 F.R.D. 229, 236 (W.D.N.Y. 1998) (failure to timely object to a discovery request, including pursuant to Fed.R.Civ.P. 34, waives objections) (citing cases).

Second, Plaintiff has demonstrated that in order to maximize the efficacy of the requested inspection, examination, testing and sampling, such activities be conducted during the wet season of this area, particularly during the latter part of April. Affirmation of Robert P. Brooks, Ph.D., Professor of Geography and Ecology, Pennsylvania State University, Exh. 6 to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Compel Entry Upon Land (Doc. no. 30-3) ¶ ¶ 6-7. The inspection will entail some minimal excavation to review below ground conditions and taking a reasonable amount of samples of indicia of the parcel's eco- and hydrologic systems, such as soils and flora. *Id.* Dr. Brooks avers that such inspections, examinations and testing are reasonably related to the development of expert testimony in support of Plaintiff's claims. *Id.* Accordingly, the inspection is reasonably calculated to lead to admissible evidence and is therefore relevant to the issues presented by the instant action including, specifically, whether the waterways and wetlands on the premises are covered by the Act.

Defendant's contentions, even if timely, are unavailing. While some similar inspections occurred several years ago, *i.e.,* in 2000-2002, in support of a determination

by the U.S. Environmental Protection Agency ("EPA") that the parcel contained wetlands subject to the Act, and again in 2006 and 2007, in support of a citation to Defendant for violations of the Act, Defendant has failed to demonstrate the inspection at issue on Plaintiff's motion is sufficiently duplicative of those prior inspections to show the instant request is unduly burdensome to Defendant. Defendant's contention that the entry and inspection sought by Plaintiff is merely cumulative and constitutes a form of official harassment overlooks the fact that the standard for legal determination of whether a waterway or related system is subject to the Act was not resolved until the Supreme Court's decision in *Rapanos v. United States*, 547 U.S. 715, 767 (2006) (waterway must have a "significant nexus" to navigable waters) (Kennedy, J. concurring). Defendant's reliance on the EPA's 2006 inspection for enforcement purposes as establishing Plaintiff's lack of need to the requested inspection is therefore unavailing.

Significantly, Defendant cites to no authority that in a subsequent enforcement action, like the present case, under the Act, Plaintiff (or Defendant) is bound by a prior EPA administrative determination that the land and waterway at issue are subject (or not) to the Act. Thus, the court finds the instant action and Plaintiff's discovery requests are not precluded by the prior administrative determination upon which Defendant relies to oppose Plaintiff's request. Moreover, such prior administrative activity did not constitute prior discovery in this action so as to come within the limitations of Fed.R.Civ.P. 26(b)(2)(C) (requiring the court preclude discovery that is repetitive, cumulative, or financially burdensome) ("Rule 26(b)(2)(C)"). Even if Rule 26(b)(2)(C) was applicable, the court finds the benefits to Plaintiff from the requested inspection substantially outweigh any burden to Defendant.

Further, Defendant failed to provide any affidavit by a qualified expert to rebut the opinions of Dr. Brooks, Plaintiff's expert, that optimal conditions for the requested inspection exist only in late April in this area.  Nor has Defendant demonstrated any substantial prejudice to its defense that will be caused by the requested inspection.  Additionally, Defendant does not contest that Plaintiff's request is within the time period for fact discovery established by Judge Curtin's December 17, 2009 scheduling order, as amended, (Doc. Nos. 10, 17), notwithstanding that the orders do not expressly provide for conducting fact discovery, *per se,* including inspection of the parcel.  Defendant does not assert this ground as a basis to deny Plaintiff's request and, as such, this potential objection is also deemed waived.  In any event, the court finds Plaintiff's requested inspection to be a necessary component of Plaintiff's required expert disclosure, and ability to prosecute this action on the issue of whether the waterways at issue are covered by the Act, as required by the scheduling order.  *See Arkansas Game and Fish Commission v. United States*, 74 Fed. Cl. 426, 434 (U.S. Ct. of Cl. 2006) (permitting defendant's installation of flood detection devices on plaintiff's property after expiration of fact-discovery cut-off date, finding government's need for scientific data to defend against plaintiff's taking claims outweighed delay and potential inconvenience to plaintiff).

Finally, Defendant argued that to permit the inspection would violate its Fourth Amendment rights.  However, Defendant failed to provide the court with any authority to support this generalized proposition and, based on applicable Supreme Court authority, it is without merit.  *See Oliver v. United States*, 466 U.S. 170, 178-80 (1984) (law enforcement officials permitted to enter open fields to search for contraband without

probable case or a warrant) (citing *Hester v. United States,* 265 U.S. 57 (1924) (enunciating "open fields" doctrine as exception to Fourth Amendment permitting warrantless entry of private fields)).  Here, there is no indication the parcel has been fenced or posted, nor has Defendant pointed to the potential for any invasion of its legitimate privacy interests.  As to taking soil, water, or flora samples, Defendant cites to no authority that such anticipated activity by Plaintiff's experts who are expected to conduct the requested inspection raises a potential substantive Fourth Amendment issue, and the court finds such action to be incidental to Plaintiff's broad right to conduct the inspection pursuant to Rule 34(a)(2) ("requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation upon it.").  *See Martin v. Reynolds Metals Corporation*, 297 F.2d 49, 57 (9th Cir. 1961) (requesting party may enter property for the purpose of taking, *inter alia*, "water, soil [and] vegetation" samples).  Additionally, the court notes that although potential criminal charges against Defendant and its principals are being considered, there is no indication that Plaintiff is acting at the behest of the United States Attorney's office in bringing this action or seeking the inspection.  Plaintiff has not requested that attorneys fees be awarded.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 30) is GRANTED.  Plaintiff shall conduct the inspection during daylight hours not later than May 1, 2010.  Defendant shall be given reasonable prior notice, oral, electronic or written, and may monitor Plaintiff's inspection, but shall not disrupt, impede or otherwise interfere with the conduct

of the inspection.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 27, 2010
       Buffalo, New York