UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

              Plaintiff,

              -vs-                              09-CV-637JTC (LGF)

ACQUEST WEHRLE LLC,

              Defendant.

On April 27, 2010, in accordance with the referral authority conferred by this court pursuant to 28 U.S.C. § 636(b)(1)(A), United States Magistrate Judge Leslie G. Foschio issued a decision and order, upon expedited hearing and argument held on April 26, 2010, granting plaintiff's motion seeking access to defendant's premises located at 2190 and 2220 Wehrle Drive, Erie County, New York, for the purpose of conducting ecological and hydrological examinations, testing, and sampling reasonably related to the development of expert testimony in support of plaintiff's claims in this Clean Water Act enforcement action (*see* Item 40). The inspection is to be conducted "during daylight hours not later than May 1, 2010." *Id.* at p. 5.

Although not directly addressed in the written determination, the minute entry for the hearing and argument (Item 39) indicates that the Magistrate Judge denied defendant's oral motion for a stay of enforcement of the order permitting entry and inspection of the premises, and also stayed discovery pending further hearing (scheduled for June 10, 2010) on defendant's motion for a protective order regarding subpoenaed fact witnesses.

Defendant has now made an application with this court for stay of enforcement of Magistrate Judge Foschio's order pending its review, along with a request for an expedited hearing on the application. In a supporting declaration, defense counsel Joseph J. Manna, Jr., Esq., asserts that permitting the government to enter and inspect the Wehrle Drive property while there is an ongoing Grand Jury investigation concerning defendant's alleged criminal Clean Water Act violations at a separate premises located on Transit Road in the Town of Amherst risks circumvention of defendant's Fourth Amendment right to be free from unreasonable search and seizure.

This same argument was considered by the Magistrate Judge, and was soundly rejected, based upon defendant's failure to provide the court with any authority to support such a "generalized proposition," Item 40, p. 4, and because applicable Supreme Court authority holds to the contrary. *Id*. at pp. 4-5 (citing *Oliver v. United States*, 466 U.S. 170, 178-80 (1984), and *Hester v. United States*, 265 U.S. 57 (1924) (discussing the "open fields" exception to the Fourth Amendment's warrant requirement)). Finding nothing in defendant's submissions to indicate that this finding is clearly erroneous or contrary to law, the court has no basis to stay enforcement of the Magistrate Judge's order of entry and inspection.

Accordingly, defendant's application for a stay (Item 41) is denied, and the request for an expedited hearing is moot.

So ordered.

    \s\ John T. Curtin
    JOHN T. CURTIN
    United States District Judge

Dated: April 30, 2010
p:\pending\2009\09-637.apr28.10