UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                    Plaintiff,

                    v.

ACQUEST WEHRLE LLC,

                                    Defendant.

_____

|  |  |
|--|--|
| | **DECISION**<br>**and**<br>**ORDER** |

09-CV-000637C(F)

APPEARANCES:          ERIC H. HOLDER, JR.
                      UNITED STATES ATTORNEY GENERAL
                      Attorney for Plaintiff
                      IGNACIA S. MORENO
                      Assistant Attorney General
                      ERIC G. HOSTETLER, and
                      MADELINE FLEISHER, Trial Attorneys
                      Environmental Defense Section
                      P.O. Box 23986
                      Washington, District of Columbia  20026-3986

                      SCOTT BAUER,
                      MYRIAH VALENTINA JAWORSKI, and
                      SUSAN MARIE AKERS, Trial Attorneys
                      Environmental Enforcement Section
                      P.O. Box 7611
                      Ben Franklin Station
                      Washington, District of Columbia  20044-7611

                      JAMES VINCH, of Counsel
                      United States Environmental Protection Agency
                      1200 Pennsylvania Avenue N.W.
                      Washington, DC 20460

                      PHYLLIS FEINMARK, of Counsel
                      United States Environmental Protection Agency
                      Water and General Law Branch
                      Region 2
                      290 Broadway, 16th Floor
                      New York, New York  10007-1866

WILLIAM J. HOCHUL, JR.
UNITED STATES ATTORNEY
Attorney for Plaintiff
JANE B. WOLFF
Assistant United States Attorney, of Counsel
Federal Centre
138 Delaware Avenue
Buffalo, New York 14202

LIPSITZ GREEN SCIME CAMBRIA LLP
Attorneys for Defendant
JOSEPH J. MANNA,
ANDREW O. MILLER, and
DIANE MARIE ROBERTS, of Counsel
42 Delaware Avenue
Suite 120
Buffalo, New York  14202

HARTER, SECREST AND EMERY LLP
Attorneys for Defendant
CRAIG A. SLATER, of Counsel
Twelve Fountain Plaza
Suite 400
Buffalo, New York  14202-2293

## JURISDICTION

This case was referred to the undersigned by Honorable John T. Curtin on April 12, 2010, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for all pretrial matters, including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Plaintiff's Objections (Doc. No. 51), filed September 8, 2010, to Defendant's Proposed Discovery Plan and Case Management Order (Doc. No. 48), filed September 1, 2010, and Defendant's Objections (Doc. No. 52), filed September 13, 2010, to Plaintiff's Proposed Discovery Plan and Case Management Order (Doc. No. 47), filed September 1, 2010.

## BACKGROUND and FACTS[1]

Plaintiff United States of America ("Plaintiff") commenced this action on July 14, 2009, seeking injunctive relief and civil penalties for alleged violations by Defendant Acquest Werhle LLC ("Defendant" or "Acquest"), of §§ 301 and 309(d) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a) and 1319(d), by discharging pollutants, in the form of both fill material and storm water runoff, into waters of the United States on a parcel of real property located at 2190 and 2220 Wehrle Drive in the Town of Amherst, New York ("the Property"), and owned by Defendant, without obtaining the required permit.

By order filed December 8, 2009 (Doc. No. 9), ("Bifucation Order"), Judge Curtin directed the parties to confer and submit a joint proposed scheduling order for discovery and motion practice limited to the issue of whether Plaintiff has jurisdiction over the Property under the Clean Water Act, stating

> As indicated in the discussions with counsel during the November 19 pretrial conference, the dispute in this matter hinges on the central question of jurisdiction under the Clean Water Act. In the court's view, resolution of this discrete issue at an early stage of the proceedings has the greatest potential for expeditious case management. As a result, the parties are directed to immediately confer and submit a joint letter to the court, . . . addressing a revised proposed schedule for conducting the discovery and motion practice necessary to determine the jurisdictional issue.

Bifurcation Order at 1-2.

The requested Joint Proposed Discovery Plan and Case Management Order Regarding Jurisdiction was filed on December 17, 2009 (Doc. No. 10-2), and was approved by

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Text Order issued on January 6, 2010 (Doc. No. 11) ("Scheduling Order").

On April 2, 2010, Defendant filed a motion (Doc. No. 19) to stay discovery ("Defendant's Motion to Stay Discovery") pending resolution of a criminal investigation involving Defendant's alleged actions with regard to the Property, maintaining that if discovery in the instant action were to proceed, Defendant's principals and officers would likely assert their Fifth Amendment rights so as not to expose themselves to criminal liability, but severely prejudicing Defendant's ability to defend against the pending civil action. On April 26, 2010, the undersigned granted Defendant's Motion to Stay Discovery. April 26, 2010 Minute Entry (Doc. No. 39). An August 4, 2010 Minute Entry (Doc. No. 46), states that the parties concur the stay of discovery in this action is no longer necessary, the stay of discovery was vacated, and that discovery would proceed according a new scheduling order to be filed in this action. The parties were directed to meet and confer and propose a joint scheduling order for the balance of this action or, alternatively, separate proposed scheduling orders.

On September 1, 2010, Plaintiff filed the United States' Proposed Discovery Plan and Case Management Order (Doc. No. 47) ("Plaintiff's Proposed Discovery Plan"), explaining that despite meeting with Defendant, the parties were unable to agree on the terms of a joint proposed discovery plan. Plaintiff's Proposed Discovery Plan at 1. In particular, the scope of Plaintiff's Proposed Discovery Plan is not limited to the jurisdictional issue but, rather, permits discovery and pre-trial motions on all elements of liability and damages. Plaintiff's Proposed Discovery Plan at 2-3. Defendant Acquest Wehrle, LLC's Proposed Discovery Plan and Case Management Order (Doc. No. 48) ("Defendant's Proposed Discovery Plan"), also filed on September 1, 2010, is limited to

the jurisdictional issue. Attached as Exhibit A to Defendant's Proposed Discovery Plan is a September 1, 2010 letter to the undersigned, written by Defense Counsel Joseph J. Manna, Esq. ("Manna Letter"), asserting that the undersigned is without authority to "nullify" Judge Curtin's Bifurcation Order that bifurcated the action for consideration of the jurisdictional aspects of liability under the CWA prior to consideration of the remaining CWA liability elements and damages. Manna Letter at 1-2.

On September 8, 2010, Plaintiff filed the United States' Opposition to Defendant's Proposed Discovery Plan (Doc. No. 51) ("Plaintiff's Objections"). On September 13, 2010, Defendant filed its Reply to Plaintiff's Opposition to Defendant's Proposed Discovery Plan (Doc. No. 52) ("Defendant's Objections"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Objections are SUSTAINED; Defendant's Objections are DENIED. The parties are to proceed in accordance with Plaintiff's Proposed Discovery Plan (Doc. No. 47), filed September 1, 2010, and adopted by the undersigned and filed contemporaneously with this Decision and Order.


## DISCUSSION

Plaintiff's Proposed Discovery Plan is not limited to the jurisdictional issue but, rather, permits discovery and pre-trial motions on all elements of liability and damages because, according to Plaintiff, the continued bifurcation of the action in accordance with the Bifurcation Order would be "prohibitively unwieldly" because Acquest has demanded a jury trial on the issue of liability such that, should the jurisdictional issue not be resolved on summary judgment, the possibility exists for discovery and trial first

on the issue of jurisdiction under the CWA, followed by discovery and trial on the remaining elements of liability under the CWA, to be followed by a bench trial on the issue of damages. Plaintiff's Proposed Discovery Plan at 2-4. Defendant's opposition is that because Judge Curtin's Bifurcation Order bifurcated the action into two phases and limited discovery in the first phase to the issue of whether Plaintiff has jurisdiction over the Property pursuant to the CWA, permitting any discovery or motion practice on any other issue is beyond the scope of, and would effectively nullify, the Bifurcation Order, which is the law of the case. Manna Letter at 1-2.

In objecting to Defendant's Proposed Discovery Plan, Plaintiff points to Judge Curtin's April 12, 2010 Referral Order (Doc. No. 23) ("Referral Order"), granting the undersigned authority with respect to "all pre-trial matters in this case . . . including but not limited to: (1) conduct of a scheduling conference and entry of a scheduling order pursuant to Fed.R.Civ.P. 16 . . . ." Plaintiff's Objections at 2-3. According to Plaintiff, because Fed. R. Civ. P. 16 ("Rule 16") permits modification of the extent of discovery, Fed.R.Civ.P. 16(b)(3)(B)(ii), the Referral Order necessarily contemplates that the scope of discovery under the Scheduling Order, as limited by the Bifurcation Order, could be expanded. *Id*. at 3. Plaintiff also asserts that not only do two of the three cases Defendant references in support of Defendant's Objections predate the present Federal Rules of Civil Procedure, two of the cases concern orders of a substantive, rather than procedural nature, and that in none of the cases is there any indication that the judges who issued the disputed orders were given authority to do so. *Id*. at 3-4. Plaintiff also reiterates that the continued bifurcation of this action will result in "significant inefficiencies in both discovery and trial." *Id*. a 4.

In objecting to Plaintiff's Proposed Discovery Plan, Defendant argues that because Plaintiff's Proposed Discovery Plan permits discovery beyond the jurisdictional issues, adopting such plan would essentially nullify Judge Curtin's Bifurcation Order which is the law of the case. Defendant's Objections at 3. Because the Referral Order does not expressly permit such action, the undersigned, according to Defendant, is without authority to do so. *Id*.

With regard to whether enlargement of the scope of discovery is contemplated by the Referral Order, it is settled that "[c]ourt orders are construed like other written instruments, except that the determining factor is not the intent of the parties, but that of the issuing court." *United States V. Spallone*, 399 F.3d 415, 424 (2d Cir. 2005) (citing *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 286 (3d Cir. 1991)). Further, "'[c]ourt orders must ordinarily be interpreted by examination of only the four corners of the document.'" *Spallone*, 399 F.3d at 424 (quoting *Ford Motor Co.*, 930 F.2d at 286)). Only where "an ambiguity in terminology results in a lack of clarity as to the scope of the ruling" may a reviewing court examine the record to determine what was decided. *Id*.

In the instant case, nothing within the four corners of the Referral Order is ambiguous; rather, it is only Defendant's assertion that a matter extrinsic to the Referral Order, *i.e.*, the Bifurcation Order, that creates any such ambiguity. Significantly, Judge Curtin did not specify that construction of the Referral Order was constrained by anything, including the Bifurcation Order. Furthermore, that Rule 16 specifically provides for modification of discovery, a scheduling order issued pursuant to Rule 16 that allows for discovery beyond the jurisdictional aspect of this action is permitted.

As such, the Referral Order grants the undersigned authority to issue a scheduling order that permits discovery and motion practice beyond the jurisdictional issue. Nor is there any merit to Defendant's assertion that Plaintiff's Proposed Discovery Order would essentially nullify the Bifurcation Order in violation of the "law of the case doctrine."

There are two branches to the law of the case doctrine, the second of which is applicable here, requiring "that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless 'cogent' and 'compelling' reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (citing *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991), and quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)).[2] *See Prisco v. A&D Carting Corp.*, 168 F.3d 593, 607 (2d Cir. 1999) ("The second branch of the law of the case doctrine is implicated when a court reconsiders its own ruling in the absence of an intervening ruling of a higher court." (citing *Uccio*, 940 F.2d at 757-58)). The rule, however, is not absolute. *Prisco*, 168 F.3d at 607. "'[T]he decision whether or not to apply law-of-the-case is . . . informed principally by the concern that disregard of an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine." *Id*. (quoting *Uccio*, 940 F.2d at 758, and citing cases). "'Prejudice' in this context does not mean harm resulting from the failure to adhere to the prior decision, but instead refers to a lack of sufficient opportunity to prepare armed with the

---

[2] The first branch of the law of the case doctrine "requires a trial court to follow an appellate court's previous ruling on an issue in the same case." *Quintieri*, 306 F.3d at 1225 (citing *Uccio*, 940 F.2d at 757).

knowledge that the prior ruling is deemed controlling." *Id*. (internal citations and

quotation marks omitted). Moreover, "[o]nly '<u>issues</u> previously determined' become the

law of the case." *In re Lynch*, 430 F.3d 600, 604 (2d Cir. 2005) (quoting *Quern v.

Jordan*, 440 U.S. 332, 348 n. 18 (1979) (underlining added)).

In the instant case, Defendant does not argue that it would be prejudiced by a

scheduling order permitting discovery and motions on issues other than jurisdiction, nor

does the court perceive any such prejudice.[3]  Furthermore, at least one court has held

that a decision to bifurcate issues involves only case management and, as such, does

not constitute "the type of ruling on a factual or legal issue that implicates the 'law of the

case' doctrine." *North v. Ford Motor Company*, 2007 WL 391578, * 1 (D.Ut. Feb. 1,

2007).  Similarly, in the instant case, Judge Curtin's determination that the question of

jurisdiction under the CWA was "central" such that early resolution of the issue "has the

greatest potential for expeditious case management," Bifurcation Order at 1, involves

only case management consideration, rather than any legally substantive "issues

---

[3] The cases Defendant references in support of Defendant's Objections, Manna Letter at 1, are inapposite.  Specifically, both *Potts v. Village of Haverstraw*, 93 F.2d 506 (2d Cir. 1937) ("*Potts*"), and *The Material Service*, 11 F.Supp. 1006 (N.D. Ill. 1934) ("*The Material Service*"), predate the current Federal Rules of Civil Procedure.  In *Potts*, the Second Circuit held that where one district judge granted a plaintiff leave to amend the complaint, a subsequent district judge was not bound by dicta in the order granting leave to amend that the first district judge thought the new claim did not relate back to the original claim. *Potts*, 93 F.2d at 510.  At issue in *The Material Service*, was a motion to modify a injunction.  The court held that one district judge's decision refusing to modify an injunction prohibiting prosecution in state court for injuries and damages cause by an explosion on a motor vessel, pending decision on the vessel owner's petition for limitation of liability, was the law of the case and could not be overruled by another district judge's hearing on the petition to limit liability. *The Material Service*, 11 F.Supp. at 1007.  Finally, in *Williams v. New Jersey-New York Transit Co.*, 1 F.R.D. 138 (S.D.N.Y. 1940) ("*Williams*"), the plaintiff's attempt to obtain discovery from one district judge was denied because another district judge's decision barring such discovery was deemed the law of the case, *Williams*, 1 F.R.D. at 138, nothing within the brief opinion indicates how the action came to be before a different judge, or the reasons for denying Plaintiff's original request for the discovery.  As such, *Williams* does not support refusing to broaden the scope of discovery beyond the jurisdictional issues.

determined."[4] *In re Lynch*, 430 F.3d at 604.  As such, the law of the case doctrine is inapplicable to the Bifurcation Order and the court is not, under the Bifurcation Order, bound to permit the action to continue only on a bifurcated basis.


## CONCLUSION

Based on the foregoing, Plaintiff's Objections (Doc. No. 51) are SUSTAINED; Defendant's Objections (Doc. No. 52) are DENIED.  The parties are to proceed in accordance with Plaintiff's Proposed Discovery Plan (Doc. No. 47), filed September 1, 2010, and adopted by the undersigned and filed contemporaneously with this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: September 23, 2010
     Buffalo, New York

---

[4] In *United States of America v. Acquest Transit LLC*, 09-CV-00055S(F) ("*Acquest Transit*"), currently pending before Chief Judge William M. Skretny, Plaintiff similarly alleges CWA violations against a related company with regard to a parcel of real property located in Amherst, New York.  Although the defendant in *Acquest Transit* also raises a jurisdictional challenge, *i.e.*, that the real property at issue is subject to the CWA's farming exemption, an issue for which early resolution in favor of the defendant would moot the balance of the case, Judge Skretny did not order any bifurcation, nor is there any indication Acquest Transit sought such relief.  Moreover, in the instant action, Defendant "note[s] that the case entitled *U.S. v. Acquest Transit LLC* has been referred to mandatory mediation.  I would like to suggest that this case also be referred to mediation, and that the timing for both cases be on the same track."  Manna Letter at 2.