UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

United States of America,

      Plaintiff,

  v.                                    09-CV-637
                                          DECISION AND ORDER

Acquest Wehrle, LLC,

      Defendant.
_____

Seven years after commencing this action, the United States has moved to voluntarily dismiss the suit with prejudice under Federal Rule of Civil Procedure 41(a)(2). Docket Item 134. Although the defendant, Acquest Wehrle, LLC ("Acquest"), does not oppose dismissal in principle, it requests one of two additional remedies: (1) that the government be required to agree to refrain from future legal action under the Clean Water Act for the property at issue here; or (2) that the court award costs and attorney's fees. Docket item 139-4 at 7. Because the government's dismissal affords Acquest all it would have received had Acquest tried and won the case—including the opportunity to apply for attorney's fees—the government's motion is granted and Acquest's requests are denied.

## **DISCUSSION AND ANALYSIS**

Rule 41(a)(2) allows a district court to accept a plaintiff's voluntary dismissal upon terms and conditions that the court deems proper. Fed. R. Civ. P. 41(a)(2). Although a dismissal without prejudice may subject the defendant to future litigation, a

dismissal with prejudice is conceptually and practically different.  *See generally* 9 Charles A. Wright & Arthur R. Miller § 2367 (3d ed. 2017).

When a case is dismissed with prejudice, the dismissal constitutes a "final adjudication on the merits favorable to defendant." *Nemaizer v. Baker*, 793 F.2d 58, 60-61 (2d Cir. 1986).  That final adjudication on the merits triggers the protective assurance of *res judicata*—all relevant issues litigated and decided or relevant issues that could have been litigated in the suit can no longer be litigated; they have been resolved in the defendant's favor.  *Id.; see also Chase Manhattan Bank v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995) ("*Res judicata* assures the finality of judgments by precluding a party to a lawsuit from litigating a claim more than once.").  For that reason, a dismissal with prejudice leaves the defendant in the same position as a favorable and final resolution. *See Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) ("[A] dismissal with prejudice . . . does not harm the defendant:  The defendant receives all that he would have received had the case been completed.").

In spite of the protection afforded by a dismissal with prejudice, Acquest insists that such a dismissal is insufficient here.  Acquest requests that the voluntary dismissal be conditioned on a covenant against future litigation because it claims that without such a covenant it will be left without a ruling on an issue that is central to its interests—the jurisdictional issue of whether its property includes wetlands.  Docket Item 139-4 at 7.  But Acquest is protected against any and all claims that were or could have been raised in the lawsuit, obviating the need for any such jurisdictional ruling with respect to these issues.  And to the extent that Acquest seeks a ruling beyond that, the proper mechanism to determine the status of its property is an action for a declaratory

judgment, not a broad curative requirement that this Court may well lack jurisdiction to order.

Alternatively, Acquest asks this Court to award it costs and attorney's fees. But as the government correctly notes, sovereign immunity prevents awarding costs and attorney's fees against the government unless sovereign immunity has been waived. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). In this regard, Acquest may pursue costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. Section 2412 ("EAJA"), under which the United States has waived sovereign immunity in certain circumstances, *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000). But an application under the EAJA can be made only within "thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). Because a voluntary dismissal with prejudice is a final judgment, granting the government's motion to dismiss will trigger that time period. For now, Acquest has jumped the gun.

## **CONCLUSION**

Acquest fears a "cloud of future litigation," but a dismissal with prejudice prevents just that—at least with respect to what has been or could have been litigated in the dismissed lawsuit. *Res judicata* ensures that once this action is dismissed, it is over once and for all. Acquest can resolve any concern about the future through a declaratory judgment action. And granting the government's motion not only ends this suit, but also permits Acquest to act on its second request—the award of costs and attorney's fees.

Pursuant to rule 41(a)(2), the Court GRANTS the government's motion to dismiss this case with prejudice. And for the reasons stated above, the Court DENIES Acquest's requests in their entirety.

SO ORDERED.

Dated: November 1, 2017
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE